UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD PIERCE | CIVIL ACTION |
| VERSUS | NO. 15-6485 |
| KELLOGG BROWN AND ROOT, INC. | SECTION "R" (3) |

# ORDER

Plaintiff Donald Pierce moves for reconsideration[1] of the Court's order[2] denying his motion to continue discovery deadlines. For the following reasons, Pierce's motion for reconsideration is denied.

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Although the district court's discretion in this regard is broad, it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting

---

[1] R. Doc. 35.
[2] R. Doc. 27.

burdens and delays. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993)

The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See Hill v. New Orleans City*, No. 13-2463, 2016 WL 4180809, at *8 (E.D. La. Aug. 8, 2016) (citing *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012)). Although there may be circumstances in which a different standard would be appropriate, *see, e.g.*, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-16 (4th Cir. 2003), the present motion does not present them. The proper inquiry therefore is whether the moving party has "clearly establish[ed] either a manifest error of law or fact or . . . present[ed] newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). The Court is mindful that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

Pierce bases his motion on a single piece of purportedly new evidence: a deposition taken on February 7, 2017 from Michael Knight, a quality control manager with KBR. Pierce's "new evidence" does not provide grounds for reconsideration for two reasons. First, the evidence is not new. The Court issued its order denying Pierce's requested extension on February 24, 2017, more than two weeks after the Knight deposition. To the extent Pierce argues that the deposition is new evidence because it was taken after he filed his motion, Pierce is wrong. The relevant date is when the order is actually issued. *See Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999) ("Matador's failure to explain why the evidence was not available prior to the district court's grant of summary judgment constitutes a valid basis for denying Matador's Motion for Reconsideration."); *Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (noting that "the unexcused failure to present evidence [that] is available at the time summary judgment is under consideration constituted a valid basis for denying a motion to reconsider"); *see also* 11 Wright & Miller, Fed. Prac. & Proc. § 2810.1 (3d ed.) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised *prior to the entry of judgment.*" (emphasis added)).

Second, even if the deposition were new evidence, it does nothing to undermine the Court's previous order. Pierce asserts that several "new document possibilities opened up" after Knight's deposition.[3] But that Pierce has identified even more information that he would like to request does nothing to undermine the Court's earlier order. As explained there, Pierce has had ample opportunity to pursue his claim under the existing discovery deadlines. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 378 (5th Cir. 2016) ("adherence to scheduling orders is critical in maintaining the integrity of judicial proceedings" (modifications omitted)). Furthermore, Pierce offers no explanation for why he did not depose Knight earlier, and thereby give himself the time needed to conduct any follow-up investigation before discovery deadlines expired. *See Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (explaining that Rule 16(b) "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

---

[3] R. Doc. 35-1 at 3.

Accordingly, Donald Pierce's motion for reconsideration is DENIED.

New Orleans, Louisiana, this __15th__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE